UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br><br>         Plaintiff<br><br>            v.<br><br>JOHN DOE AND RICHARD ROE as<br>those unknown persons who may be<br>the holders of the lost mortgage<br>note or have any interest in<br>this proceeding,<br><br>         Defendants, | CIVIL NO. 06-1133(SEC)<br><br>ACTION FOR CANCELLATION OF<br>A LOST NOTE<br>**(SOCORRO ORTIZ MARRERO)** |

## JUDGMENT BY DEFAULT

Upon motion duly made by the plaintiff, and it appearing to the Court that the defendant was duly served by publication pursuant to order of this Court and notice published in the newspaper during the days of April 5, 12, 19, 26, and May 3, and 10, 2006, as per verified statement filed with the Clerk of this Court and pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, as required by Article 82 of the Mortgage Law (30 L.P.R.A. 156), and 28 U.S.C. §1655, wherein the defendant was ordered to appear and answer the Complaint and it appearing to the Court that the defendant has not appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following:

## FINDINGS OF FACTS

1.  That on or before November 5, 1975, Socorro Ortiz Marrero, received from the United States of America, acting through the Rural Development, a loan in the amount of $25,000.00 on the property described at paragraph 3 below.

2.  That in evidence of the money lent by the plaintiff, United States of America, Rural Development, executed in favor of the plaintiff a promissory note dated November 5, 1975, in the amount of $25,000.00 at 9% interest rate, payable to United States of America (Rural Development).

3.  That to secure the payment of said promissory note, Socorro Ortiz Marrero executed a First Mortgage in favor of the plaintiff, United States of America, on November 5, 1975, by First Mortgage Deed No. 236 before Notary Public Ernesto J. Hernandez Barreras, over the following described property:

> RUSTICA: Parcel radicada en el Barrio Jagual del término municipal de San Lorenzo, Puerto Rico, marcada con la letra A en el plano de inscripción compuesta de SETECIENTOS METROS CUADRADOS (700.00 m.c.), en lindes por el NORTE, en alineaciónes distintas, una de 14.187 metros y la otra de 13.00 metros con la carretera estatal 181; por el ESTE, en 31.151 metros con la finca principal y por el OESTE, en 26.881 metros con el solar B.

USA v. John Doe and Richard Roe
(Socorro Ortiz Marrero)
Civil No. 06-1133(SEC)
Page 3

4. That the aforementioned Mortgage Deed executed in favor of the plaintiff, is duly recorded in the Registry of Property of Caguas II, at page 36, volume 193 of San Lorenzo, property No. 10143, 1st inscription, where said mortgage appears in full force and effect.

5. That according to information received from the U.S. Department of Agriculture, Rural Development, the promissory note of $25,000.00 dated November 5, 1975, described in paragraph 2 above, while in possession of and under the custody of said agency, was apparently lost, misplaced or destroyed and although a thorough search has been made, it has been unable to find or locate said note.

6. That under Articles 132 and 134 of the Mortgage and Property Act, Law 198 as amended (30 LPRA 2456 and 2458), and 28 U.S.C. §1655 when a mortgage note has been lost as alleged above, the mortgage may be canceled of record by the Registrar of Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

7. The indebtedness assumed by Socorro Ortiz Marrero to the plaintiff, United States of America has been paid in full.

USA v. John Doe and Richard Roe
(Socorro Ortiz Marrero)
Civil No. 06-1133(SEC)
Page 4

**CONCLUSIONS OF LAW**

Articles 132 and 134 of the Mortgage Law of 1979 as amended (30 LPRA 2436 and 2458) and 28 U.S.C. §1655 provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of the Property only by judicial decree obtained y a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

**WHEREFORE, IT IS ORDERED**

(1) That judgment be entered against the defendant herein declaring that the aforementioned mortgage obligation is extinguished.

(2) That the promissory note in the amount of $25,000.00 of principal with interest at the rate of 9% per annum, on the unpaid balance executed by Socorro Ortiz Marrero on November 5, 1975, the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3) That the Registrar of Property of Caguas II, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by Socorro Ortiz Marrero to secure the payment of the promissory note

USA v. John Doe and Richard Roe
(Socorro Ortiz Marrero)
Civil No. 06-1133(SEC)
Page 5

above described and referred to in paragraphs 4 and 5 of the Complaint, constituted by the terms of Voluntary Mortgage Deed No. 236 executed before Notary Public Ernesto J. Hernandez Barreras on November 5, 1975, and which was recorded in the Registry of Property of Caguas II, Puerto Rico, at page 36, volume 193 of San Lorenzo, Puerto Rico, property number 10143, 1st inscription.

In San Juan, Puerto Rico, this 23 day of JUNE, 2006.



UNITED STATES DISTRICT JUDGE